Decided November 19, 1991.

*Gilbert J. Murrah,* for appellant.
*Richard A. Epps, Solicitor,* for appellee.

## A91A1402. ECKMAN v. THE STATE.
### (413 SE2d 221)

Judge Arnold Shulman.

Following a non-jury trial, the appellant was convicted of contributing to the delinquency of a minor in violation of OCGA § 16-12-1 (b) (2). In this appeal, his sole contention is that the evidence was insufficient to support the conviction.

The state's evidence showed that on September 15, 1990, the alleged victim, a 13-year-old girl, appeared at the appellant's home at the request of the appellant, and against the express desires of her mother, at a time when his two 19-year-old male friends Robert and Jay were visiting him. The child's mother thereafter arrived at the appellant's house, whipped the child with a belt and took her back home. However, a short while later, with the assistance of the appellant's girl friend, the child returned to the appellant's house with a suitcase and informed him that she was leaving home. The appellant initially told her to stay on the porch but then ultimately advised her that "it might be best that I go with Robert." She thereafter left with the appellant's two male friends and did not return until approximately two days later, when she was discovered in the appellant's backyard. The child's mother testified that the appellant never advised her that her daughter was at his house and that he had disavowed any knowledge of her whereabouts during the search for her. The appellant contended that he was aware the child intended to run away from home, but denied that he encouraged her to leave with his friends or that he had knowledge that she had departed with them.

"A person commits the offense of contributing to the delinquency, unruliness, or deprivation of a minor when: He knowingly and willfully encourages, causes, abets, connives, or aids a minor in committing an act which would cause such minor to be found to be an unruly child as such is defined in Code Section 15-11-2, relating to juvenile proceedings. . . ." OCGA § 16-12-1 (b) (2). An "unruly child" as set forth at OCGA § 15-11-2 (12) (D) means a child who: "[w]ithout just cause and without the consent of his parent or legal custodian deserts his home or place of abode." While the appellant does not deny that the minor's conduct brought her within the definition of an unruly child, he contends that there is no evidence that he

knowingly and wilfully encouraged, caused, aided or abetted such conduct. We disagree. The evidence, considered in its entirety, was sufficient to enable a rational trier of fact to find the appellant guilty of contributing to the delinquency of a minor beyond a reasonable doubt. See OCGA § 16-12-1 (b) (2). See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 19, 1991.

*Glover & Davis, R. Keith Prater*, for appellant.
*John H. Cranford, Solicitor*, for appellee.